IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| EDMUND ABORDO, #12688-122,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF JUSTICE, *et al.*,<br><br>Defendants. | Civil No. 24-00233 MWJS-WRP<br><br>ORDER DISMISSING ACTION |

**ORDER DISMISSING ACTION**

Pro se Plaintiff Edmund Abordo commenced this lawsuit by signing his "Civil Rights Action" on May 23, 2024. ECF No. 1, at PageID.2. The Court received Abordo's Application to Proceed In Forma Pauperis by a Prisoner on June 14, 2024. ECF No. 4.

In an Order to Show Cause dated July 3, 2024, the Court explained that Abordo had accrued three "strikes" under 28 U.S.C. § 1915(g) and was thus presumptively barred from qualifying for in forma pauperis (IFP) status. ECF No. 6, at PageID.21-22. The Court further explained that, while there is an exception to the three-strikes rule for plaintiffs in "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), Abordo had not alleged facts showing that he was in such imminent danger when he filed this lawsuit. ECF No. 6, at PageID.23-24.

The Court instructed Abordo to explain why he should be allowed to proceed without prepayment of the full $405.00 filing and administrative fees. *Id.* at PageID.24.

The Court received Abordo's Response to the Order to Show Cause on July 18, 2024. ECF No. 7. In it, Abordo does not dispute that he has accrued three strikes. And for the reasons discussed below, he has not shown that he qualifies for the imminent-danger exception.

First, the Response suggests that the three-strikes provision violates the First Amendment. *Id.* at PageID.25 ("Does this violate[] the First Amendment gua[ra]ntee to petition the government for redress?"). The Ninth Circuit has already concluded, however, that "§ 1915(g) does not infringe on a prisoner's constitutional right to access the courts." *Rodriguez v. Cook*, 169 F.3d 1176, 1179 (9th Cir. 1999); *see also White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (holding that § 1915(g) does not violate right of access to courts, which "flows from the First Amendment['s]" right to petition the government for redress).

More importantly, Abordo again has not alleged facts showing that he faced an imminent danger of serious physical injury when he filed this lawsuit. According to Abordo, his health issues include sleep apnea, atrial fibrillation, vertigo, dizziness, high blood pressure, a weak heart, and high cholesterol. ECF No. 7, at PageID.25. Simply listing various medical conditions, without more, is

2

not enough to show an imminent danger of serious physical injury. *See Grandinetti v. HMSF Intake/Screening Physician*, Civ. No. 20-00471, 2020 WL 8265378, at *1 (D. Haw. Nov. 6, 2020) (finding that plaintiff did not establish an imminent danger of serious physical injury when he "does not say when he suffered these injuries and conditions or how they affect him now").

Abordo does discuss a few specific events. He says that he was transported by ambulance to a medical facility when he had trouble breathing on March 21, 2024, and he alleges that the trip was "futile." ECF No. 7, at PageID.25. Abordo further claims that he met with a nurse after experiencing chest pains on March 24, 2024, and the nurse allegedly "did nothing" and there were "no doctors." *Id.* The relevant inquiry, however, is not about the health risks a plaintiff may have previously faced. Rather, the imminent-danger exception "applies if the danger existed at the time the prisoner filed the complaint"—here, May 23, 2024. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Accordingly, allegations concerning events from two months before Abordo filed his complaint do not bear on whether he faced "imminent danger" within the meaning of § 1915(g).

Abordo additionally states that his "health condition [is] getting worse," that there are "no doctors" at the Honolulu Federal Detention Center (FDC-Honolulu), and that the "response time is 45 minutes." ECF No. 7, at PageID.25-26.

Abordo's Response, however, provides no specific details about how his health is worsening.  Nor does it explain why the medical services that FDC-Honolulu offers are insufficient.  Nor does it say why a 45-minute response is too long, or describe a time he needed faster care.  Moreover, Abordo does not allege that these circumstances created a risk of imminent danger of serious physical injury "at the time [Abordo] filed the complaint."  *Andrews*, 493 F.3d at 1053.  Indeed, Abordo describes no specific medical issues since his meeting with a nurse practitioner in March 2024.  This undercuts any suggestion of an emergency medical need.

      Finally, Abordo again refers to needing a continuous positive airway pressure (CPAP) machine, and he says that he is "under imminent danger of not being able to wake up."  ECF No. 7, at PageID.26.  As the Court previously explained in its Order to Show Cause, Abordo's complaint did not say how long this need has persisted, what steps he took to obtain a CPAP machine, and what happened when he did so.  ECF No. 6, at PageID.23.  Abordo's Response has not addressed these open questions.  In fact, while he claims that a "CPAP m[a]chine ha[s] never been issued," ECF No. 7, at PageID.26, Abordo does not allege that he made any attempt to obtain a CPAP machine during his time at FDC-Honolulu.  And while Abordo says he has sleep apnea, he does not explain what makes it so severe that, at the time of filing the complaint, he had "fear of not waking up."  *Id.*

Under certain facts, it is possible that a plaintiff's sleep apnea could be so severe and the need for a CPAP machine could be so urgent that a plaintiff might be in imminent danger of serious physical injury. But Abordo has not plausibly alleged so here. *See Thompson v. Borges*, Civ. No. 17-00561, 2018 WL 10139956, at *1 (D. Haw. Jan. 17, 2018) (rejecting application of the imminent-danger exception because the alleged potential injuries were speculative and the "exception is available [only] 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002))).

The three-strikes rule is a strict one, and Abordo may be surprised to learn—and understandably so—that the strikes accrued during his last incarceration still count as strikes today. *See* ECF No. 7, at PageID.25 ("Does this also run retroactive to prior convictions committed? Does this count as a strike[?]"). But the three-strikes rule was a policy decision reached by Congress that this Court must follow. *Rodriguez*, 169 F.3d at 1182; *see also Lewis*, 279 F.3d at 530 (identifying seven different paths to the judicial system available to prisoners). In any event, the three-strikes rule is not an absolute bar on receiving IFP status in the future, as Congress created an exception for plaintiffs facing imminent danger of serious physical injury. Under the allegations that he has provided, however, Abordo has not met this standard here, and he therefore does not qualify for IFP

status. And because Abordo has not paid the filing and administrative fees, his suit must be dismissed.

## CONCLUSION

This action is DISMISSED without prejudice to Abordo raising his claims in a new action with concurrent payment of the civil filing and administrative fees. The Clerk is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, August 1, 2024.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 24-00233 MWJS-WRP; *Edmund Abordo v. Department of Justice,* et al.; ORDER DISMISSING ACTION